Stephen H. Kline
Kline Law Office, PC
First Interstate Bank Building
401 W. 19th Street, Suite 306
Cheyenne, WY 82001
Phone: 307-778-7056
Fax: 307-635-8106

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 DEC 12 PM 4 01

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

KELLY OSBORNE                        )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )   Civil Action No. 12CV274J
                                     )
BLOOD SYSTEMS, INC.                  )
d/b/a UNITED BLOOD SERVICES          )
an Arizona Corporation,              )
                                     )
     Defendant.                      )

## COMPLAINT AND JURY DEMAND

Plaintiffs Kelly Osborne respectfully submits the following complaint against the defendant, Blood Systems, Inc. d/b/a United Blood Services.

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Kelly Osborne is domiciled in and is a citizen of the state of Wyoming. Prior to her marriage, Kelly Osborne was known as Kelly Layne.

2.  Defendant Blood Systems, Inc. is an Arizona corporation with its principal place of business in Scottsdale, Arizona. Blood Systems, Inc. does business in Wyoming as United Blood Services.

3.  This Court has jurisdiction pursuant to 28 U.S.C. §1331. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the events that gave rise to this case occurred in Wyoming.

## GENERAL ALLEGATIONS

5. Ms. Osborne is a person with a disability as the term is defined at 42 U.S.C. §12102. Ms. Osborne is deaf. She has substantial limitations in the major life activity of hearing.

6. Defendant regarded Ms. Osborne as having a physical impairment that substantially limited one or more major life activities.

7. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of the ADA, 42 U.S.C. §12111(5) and has employed at least fifteen (15) employees.

8. At all relevant times, Defendant has been a covered entity under the ADA, 42 U.S.C. §12111(2).

9. Ms. Osborne filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

10. The EEOC issued a right to sue letter to Ms. Osborne at her request.

11. Ms. Osborne timely commenced this action after her receipt of the right to sue letter from the EEOC.

12. Ms. Osborne has satisfied all conditions precedent to the institution of this lawsuit.

## FIRST CLAIM FOR RELIEF

[Employment Discrimination in violation of 42 U.S.C. § 12112(a)]

13. Ms. Osborne incorporates the previous allegations of this Complaint.

14. Ms. Osborne is qualified to work as a phlebotomist. A phlebotomist is a technician trained to draw blood.

15. Ms. Osborne received education in phlebotomy from Southwest Phlebotomy. She worked as a phlebotomist and in related fields from 2002 to 2008 collecting DNA specimens, as a quality control laboratory technician, and as a phlebotomist collecting and processing blood plasma.

16. On February 19, 2010, Ms. Osborne applied for employment with defendant. The position for which Ms. Osborne applied was advertised on Defendant's web site as "Donor Care Specialist I". The position involved phlebotomy with whole blood donors.

17. Ms. Osborne was qualified, with or without reasonable accommodation, for the position for which she applied. She can perform the essential functions of the employment position that she sought from Defendant.

18. On February 25, 2010 Ms. Osborne received a letter from Defendant stating that the company had received a number of applications from highly qualified individuals and had decided to pursue candidates whose background and experience were a closer match. Defendant refused to hire Ms. Osborne for the position for which she applied.

19. On March 8, 2010, Defendant again sought applications for the "Donor Care Specialist I" position by listing the job opening in the Wyoming Tribune Eagle newspaper classifieds.

20. When Ms. Osborne applied for the phlebotomist position in February, 2010, Defendant knew that she was deaf.

21. Ms. Osborne discussed the Defendant's failure to interview her for the phlebotomist position with two individuals employed in supervisory positions by Defendant. Those persons stated that it was against Defendant's company policy to hire Ms. Osborne for the position for which she applied because she is deaf.

22. Defendant failed to engage in good faith in an interactive process to identify reasonable accommodations for Ms. Osborne due to her disability.

23. Defendant's conduct violated the Americans with Disabilities Act by discriminating against Ms. Osborne on the basis of her disability. The Defendant's discriminatory conduct included:

    a. refusing to hired Ms. Osborne for the Donor Care Specialist I position for which she applied and was qualified with or without reasonable accommodation;

    b. not making reasonable accommodation to Ms. Osborne's known physical limitations;

    c. denying employment opportunities to Ms. Osborne based on the need to make reasonable accommodation to her physical impairments, and;

    d. using qualification standards or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities.

24.     Defendant's conduct in violation of 42 U.S.C. §12112(a) was intentional and defendant acted with malice or reckless indifference to Ms. Osborne's federally protected rights.

25.     Ms. Osborne sustained economic and noneconomic damages as a result of Defendant's violation of 42 U.S.C. §12112(a).

WHEREFORE, Plaintiff, by counsel, respectfully requests this Court to enter judgment on her behalf and against defendant for the following:

a.  noneconomic damages including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

b.  economic damages including appropriate back pay, reinstatement or front pay.

c.  costs and reasonable attorney's fees pursuant to 42 U.S.C. §12205.

d.  interest as provided by law.

e.  such further relief as the Court deems necessary and proper.

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY OF ALL ISSUES.

Dated: December 12, 2012.

_____
Stephen H. Kline
Kline Law Office, PC
First Interstate Bank Building
401 W. 19th Street, Suite 306
Cheyenne, WY 82001
Phone: 307-778-7056
Fax: 307-635-8106
Attorney for Plaintiff Kelly Osborne